**Leah Greenwald**, OSB #04297
leahgreenwald@haile-greenwald.com
**Brenna Bell**, OSB #01519
brenna@tryonfarm.org
Law Offices of Haile Greenwald, LLP
Gus Solomon Courthouse
620 SW Main Street, Suite 616
Portland, OR 97205
tel: 503-228-1889
fax: 503-223-4518
Of attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**CV '07 - 0 6 8 2 -    HU**

| | | |
|---|---|---|
| EDWIN CRUZAN, III | ) | Civil No. |
| | ) | |
| Plaintiff, | ) | COMPLAINT: |
| | ) | VIOLATION OF AMERICANS |
| | ) | WITH DISABILITIES ACT; |
| vs. | ) | SECTION 504 OF THE |
| | ) | REHABILITATION ACT |
| MULTNOMAH COUNTY | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |
| | ) | |

INTRODUCTION

1.      Plaintiff, Mr. Edwin Cruzan, III, (hereinafter Mr. Cruzan) was born deaf and

learned to communicate using American Sign Language (hereinafter ASL). ASL is a complete,

complex language that employs signs made with the hands and other movements, including

facial expressions and postures of the body. ASL cannot be written. It is the first language of

many deaf North Americans, and one of several communication options available to deaf people.

COMPLAINT: VIOLATION OF AMERICANS WITH DISABILITES ACT;                    1
SECTION 504 OF THE REHABILITATION ACT

15388

2.      Despite the ability to communicate in ASL, it remains a difficult task for a deaf person to navigate this hearing and speaking world. Congress enacted the Americans with Disabilities Act (hereinafter ADA) to close the communication gap for people like Mr. Cruzan. The purpose of the ADA is to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b).

3.      A wide range of auxiliary tools and services are available to public agencies to ensure effective communication, including the use of ASL interpreters and Telecommunication Device for the Deaf (hereinafter TDD) Machines. The ADA intended for communication between public agencies and deaf or hearing impaired individuals to be as effective as communication with the general public.

4.      Once a public agency assesses the individual and determines the appropriate services and tools to ensure effective communication, it must prioritize the needs and preferences of each deaf individual.

5.      In the instant case, when the Portland Police arrived at Mr. Cruzan's residence to conduct a criminal investigation, Mr. Cruzan was unable to communicate with them because they did not provide access to an ASL interpreter for him or his deaf wife. As a result, Mr. Cruzan was mistakenly arrested.

6.      Subsequently Mr. Cruzan was held in jail for five days without access to an ASL interpreter or TDD Machine. During his entire time in jail, Mr. Cruzan was unable to communicate with the Multnomah County Sheriff's Deputies or other jail personnel, let alone his friends and family outside the jail.

7.      Although Mr. Cruzan was born into silence, he has found speech through the ASL language. This is a language that agents of the Defendant do not speak, do not understand, and

COMPLAINT: VIOLATION OF AMERICANS WITH DISABILITES ACT;                    2
SECTION 504 OF THE REHABILITATION ACT

do not respect.  By failing to communicate with Mr. Cruzan in the only language that he knows,

Defendant forced Mr. Cruzan back into silence.

8.      This lawsuit ensures that no other deaf people suffer a similar silencing while

Defendant holds them in jail, and also restores Mr. Cruzan's dignity and his voice.

## JURISDICTION

9.      This is an action for declaratory, injunctive and compensatory relief brought

pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101 to 12213, specifically Title II,

and pursuant to Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §749 *et. seq.*

10.     This Court has jurisdiction over this action under 28 U.S.C. §§13314 and 1343 for

claims arising under the ADA and Section 504.

11.     This Court has jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C.

§§2201 and 2202.

## PARTIES

12.     Plaintiff, Edwin Cruzan, III, is a person with a disability under all applicable

statutes.  Mr. Cruzan is deaf and employs ASL to communicate.

13.     Defendant Multnomah County is a political subdivision of the State of Oregon.

Multnomah County Sherriff's Office is a department of Multnomah County.

## STATEMENT OF FACTS

14.     On or about June 30, 2005, officers from the Portland Police Bureau arrested Mr.

Cruzan at his home.  The police had responded to a call placed by Mr. Cruzan's 19-year old

COMPLAINT: VIOLATION OF AMERICANS WITH DISABILITES ACT;                    3
SECTION 504 OF THE REHABILITATION ACT

stepson, which he placed in retaliation for an argument between himself and Mr. Cruzan. Mr.

Cruzan and his wife are both deaf, and they communicate using ASL. Mr. Cruzan is not

proficient at reading lips or writing. The police relied on the false representations made by Mr.

Cruzan's stepson, and did not communicate with Mr. Cruzan or his wife at all. The police failed

to provide Mr. Cruzan with an ASL interpreter during or after the arrest, despite the specific

direction of ORS 133.515 (to provide a qualified interpreter upon arrest of a disabled individual).

15.     After the police arrested Mr. Cruzan, they transported him to a hospital to treat a

cut on his hand. While in the hospital the attending doctor requested an ASL interpreter, who

communicated with Mr. Cruzan. The officer observed Mr. Cruzan communicating in ASL and

included this in his police report. The officers then transported Mr. Cruzan to the Multnomah

County Detention Center where he was held in custody for five days. The jail medical staff

screened Mr. Cruzan and visibly labeled him as deaf.

16.     While in jail, Mr. Cruzan was not provided with an ASL interpreter or access to a

TDD Machine to make calls to his family or an attorney. Due to the lack of such

accommodations, Mr. Cruzan was essentially held incommunicado, and he had little to no

information about his constitutional rights, the duration of the incarceration, or his ability to

access an attorney.

17.     It is the responsibility of Defendant to notify the court when an interpreter is

required at a hearing. Defendant failed to notify the court that Mr. Cruzan required an

interpreter. At Mr. Cruzan's initial arraignment, three days after he was taken into custody, the

Court did not provide an ASL interpreter. This caused a delay of two additional days before an

effective arraignment could take place, during which time Mr. Cruzan remained in custody and

was unable to communicate with an attorney or his family.

COMPLAINT: VIOLATION OF AMERICANS WITH DISABILITES ACT;          4
SECTION 504 OF THE REHABILITATION ACT

18.    Mr. Cruzan has a serious heart condition which has caused him to suffer from two heart attacks. He takes a daily heart medication for this condition. Because he was unable to communicate with anyone in or outside the jail, he was unable to take his medicine for five days creating a substantial risk of a heart attack.

19.    The act of holding Mr. Cruzan incommunicado enabled his stepson to forcibly take Mr. Cruzan's deaf wife to California. While in California, the stepson compelled Mrs. Cruzan to withdraw money from a bank account and give it to him. This account belonged to Mr. and Mrs. Cruzan. This incident caused serious emotional distress to Mr. Cruzan.

## FIRST CLAIM FOR RELIEF:

### (Violation of the Americans with Disabilities Act of 1990)

20.    Plaintiff incorporates by reference the paragraphs 1- 19 above, inclusive.

21.    Title II of the ADA prohibits a public entity from excluding a person with a disability from participating in, or denying the benefits of, the goods, services, programs and activities of the entity or otherwise discriminating against a person on the basis of disability. 42 U.S.C §12132.

22.    The regulations implementing Title II of the ADA mandate all public agencies to ensure that communications with disabled members of the public are as effective as communications with others. 28 CFR §35.160(a).

23.    A public entity shall furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity. 28 CFR §35.160(b)(1).

24.    A public entity shall give primary consideration to the needs of the individual with

disabilities when determining which type of auxiliary aid and service is necessary. 28 CFR §35.160(b)(2).

25.    Defendant, by and through Multnomah County Sheriff's Office, has few regulations regarding the application of the ADA to inmates in custody. The Corrections Division of the Sheriff's Department has internal regulations which require its facilities to provide auxiliary aids and/or services when appropriate or necessary to reasonably assure adequate communications for persons with hearing, vision and/or speech disabilities. CD01.108.062. It is the policy and practice of Defendant, however, to communicate solely in writing with deaf inmates unless they are illiterate, regardless of the effectiveness of this communication or the needs of individual inmates.

26.    Defendant's conduct in failing to provide Mr. Cruzan access to auxiliary aids and services after his arrest while he remained in custody included but was not limited to failing to provide an ASL interpreter during the entire duration of his custody and his first court appearance, and failing to provide access to the TDD Machine. This constitutes unlawful discrimination on the basis of disability in violation of Title II of the ADA.

27.    Defendant's policy of communicating in writing with deaf inmates, regardless of the particular needs of each specific individual, constitutes unlawful discrimination on the basis of disability in violation of Title II of the ADA.

28.    Because of Defendant's violations, Mr. Cruzan was held incommunicado for five days. This resulted in his inability to contact an attorney or any family members about his incarceration or pending charges. In addition, Defendant' violations resulted in Mr. Cruzan spending at least two additional days in jail. During this time his wife experienced severe hardship, for which he was unable to assist, all of which caused financial losses and emotional

distress to the Plaintiff.

## SECOND CLAIM FOR RELIEF

### (Violation of Section 504 of the Rehabilitation Act of 1973)

29. Plaintiff incorporates by reference the paragraphs 1- 28 above, inclusive.

30. Section 504 of the Rehabilitation Act of 1973, 29 U.S.C 794, and the regulations promulgated hereunder, prohibit discrimination against people with disabilities by recipients of federal funding. Section 504 provides, in pertinent part, that:

> No otherwise qualified handicapped individual . . . shall solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance...

31. Defendant has received federal financial assistance at all relevant times.

32. Defendant has discriminated against Plaintiff in programs and activities receiving federal financial assistance solely because of Plaintiff's disabilities.

33. As a proximate result of Defendant's violation of Section 504, Plaintiff has been injured as set forth herein.

## ALL CLAIMS

34. The plaintiff demands a trial by jury.

35. The plaintiff is entitled to reasonable prevailing party attorney fees. 42 U.S.C §12205.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

COMPLAINT: VIOLATION OF AMERICANS WITH DISABILITES ACT;                    7
SECTION 504 OF THE REHABILITATION ACT

1. Equitable economic damages for each day that the Multnomah County Detention Center held Mr. Cruzan incommunicado, and for the loss of liberty arising from the two additional days he was held as a result of the delayed arraignment in the amount of $10,000;

2. Damages for the anxiety of being forced to forego heart medication for five days in the amount of $1,000.

3. All additional damages that may become apparent during the pendency of this action;

4. A declaration that Defendant's policy regarding the accommodation of deaf inmates is discriminatory and fails to provide program access to persons with disabilities as required under the law;

5. An order enjoining Defendant from violating the Americans with Disabilities Act and Section 504 of the Rehabilitation Act;

6. Plaintiff's reasonable attorneys fees, litigation expenses and costs;

7. All such other relief as the interests of justice require.


DATED this 8th day of May, 2007.

Leah Greenwald, OSB #04297
Of attorneys for the Plaintiff

Brenna Bell, OSB #01519
Of attorneys for the Plaintiff


COMPLAINT: VIOLATION OF AMERICANS WITH DISABILITES ACT;                    8
SECTION 504 OF THE REHABILITATION ACT